# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Rosalind L. Sellers, Respondent.

Appellate Case No. 2021-000656

Opinion No. 28046
Submitted July 23, 2021 – Filed August 11, 2021

## DISBARRED

Disciplinary Counsel John S. Nichols and Senior
Assistant Disciplinary Counsel Ericka M. Williams, both
of Columbia, for the Office of Disciplinary Counsel.

Rosalind L. Sellers, of Atlanta, Georgia, Pro Se.

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents
to a three-year definite suspension or disbarment.  We accept the Agreement and
disbar Respondent from the practice of law in this state.  The facts, as set forth in
the Agreement, are as follows.

## I.

## Matter A

ODC mailed Respondent a notice of investigation along with a complaint received
from one of Respondent's clients.  Respondent failed to submit a response to the
notice of investigation.  A reminder letter was mailed to Respondent pursuant to *In
re Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), but Respondent again failed to
respond.  Respondent provided her initial response after receiving a phone call

from ODC. Respondent then failed to respond to a letter requesting additional information and a letter reminding her that her response remained outstanding. After several attempts, ODC reached Respondent by phone. Respondent stated she was intimidated by the process but had no reason for failing to respond. ODC staff emailed Respondent copies of the information request and reminder letters, but Respondent again failed to respond.

ODC issued a notice to appear and subpoena, which required Respondent to bring her client's file to the interview. Respondent appeared and brought the client's medical records and a few additional papers. During the interview, Respondent asserted she provided all the documentation she had in her possession, but her response referenced correspondence with the insurance company and her client that she did not provide. The investigation did not reveal clear and convincing evidence of any misconduct alleged in the complaint, but Respondent acknowledges she failed to maintain a complete file in violation of Rule 1.15(a), RPC, Rule 407, SCACR. Additionally, Respondent violated Rule 8.1(b), RPC, Rule 407, SCACR, by knowingly failing to fully cooperate during the disciplinary investigation.

## Matter B

Respondent's bank reported that a check was presented against insufficient funds in her trust account. ODC mailed Respondent a copy of the bank's report along with a notice of investigation, but Respondent did not submit a response. Respondent also failed to respond to a *Treacy* letter, a voicemail, and an email. ODC issued a notice to appear and subpoena. Respondent provided an incomplete response on the eve of her on-the-record interview explaining she accidentally paid an employee with a check from the trust account rather than the operating account. Respondent did not provide any operating account records with her response and failed to produce reconciliation records requested in the notice of investigation.

Respondent submitted several trust account bank statements during her interview but did not provide the other subpoenaed trust account records. Respondent testified she used trust accounting software to record her trust account transactions and maintain her client ledgers but admitted she had never reconciled her trust account as required by Rule 417, SCACR. Respondent reported she was working with an accountant to create reconciliations and would provide them to ODC.

Respondent never produced any reconciliations despite numerous requests. ODC scheduled a second interview and subpoenaed Respondent's complete trust and

operating account records for the entire history of her private practice along with her client list and internal file numbers. Respondent brought no financial records to the second interview, but weeks later, she provided some trust account check stubs, deposit records, and handwritten notes. Unfortunately, these records covered only fractions of the time period requested, and some of the check stubs were blank. Respondent failed to provide complete disbursement journals or any operating account records, trust account receipt and disbursement journals, trust account client ledgers, or list of client names or internal file numbers.

ODC obtained five years and five months of trust and operating account statements from Respondent's bank and reviewed those records in conjunction with the incomplete records Respondent provided. Some transactions were identified using the bank records, but ODC was unable to identify the following trust account transactions: eight deposits totaling $5,965.86; thirty-seven disbursements totaling $21,268.18 made to third parties normally associated with personal injury disbursements; forty-two electronic transfers to Respondent's operating account totaling $69,257.47; ten checks issued to Respondent's law firm totaling $16,674.56; three cash withdrawals totaling $6,143.90; and eight disbursements totaling $3,769.21 made to Respondent's creditors.[1] Many of the cash withdrawals and payments Respondent made to herself and her creditors were made at times when Respondent's operating account balance was very low or negative.

In addition to these problematic transactions, Respondent failed to maintain the required trust account records and properly safeguard funds in her trust account. For many clients, Respondent failed to fully disburse the funds she had in trust. For other clients, Respondent disbursed more than was deposited. Respondent sometimes failed to transfer earned attorney's fees from the trust account, leading to the commingling of her funds with her clients' funds and confusion about what amounts Respondent was owed. On at least one occasion, Respondent disbursed funds for a client before making the corresponding deposit. Respondent also issued refunds to and paid filing fees and costs for clients for whom no deposits could be identified.

## II.

---

[1] Included in these payments was a $60 payment to Respondent's utility company, a $465 electronic payment to Respondent's cable provider, and a $1,504.34 check to partially repay Respondent's bank for a negative balance charge on her operating account.

Respondent admits her conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15(a) (prohibiting the commingling of a lawyer's funds with client funds and requiring compliance with the financial recordkeeping provisions of Rule 417, SCACR); Rule 1.15(f)(1) (requiring funds to be deposited into trust before disbursement); Rule 1.15(g) (prohibiting the use of a party's funds for the benefit of another); and Rule 8.1(b) (prohibiting a knowing failure to respond to a disciplinary inquiry). Respondent's conduct also violated the following financial recordkeeping provisions of Rule 417, SCACR: Rule 1 (requiring lawyer to maintain six years of receipt and disbursement journals, client ledgers, and monthly trial balance and reconciliation reports); Rule 2(b) (requiring records of deposit to be sufficiently detailed to identify each item deposited); Rule 2(c) (forbidding cash withdrawals from a lawyer's client trust account). Respondent further admits her conduct constitutes grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR (providing a violation of the Rules of Professional Conduct shall be grounds for discipline).

## III.

In light of Respondent's pattern of mishandling funds and failure to cooperate with ODC, we accept the Agreement for Discipline by Consent and disbar Respondent from the practice of law in this state, retroactive to April 20, 2017, the date of her administrative suspension.[2]

Within fifteen days of the date of this opinion, Respondent shall file an affidavit with the Clerk of this Court showing that she has complied with Rule 30, RLDE, Rule 413, SCACR, and she shall also surrender her Certificate of Admission to the Practice of Law to the Clerk of this Court. Within thirty days of the date of this opinion, Respondent shall pay or enter into a reasonable plan to repay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (Commission). Within six months of the date of this opinion, Respondent shall retain a Certified Public Accountant (CPA) to review all available trust account records for at least the six-year period preceding her administrative suspension, provide documentation to the Commission confirming the CPA has been retained, and comply with all inquiries and requests from the Commission relating to this condition of discipline. Respondent shall provide the CPA with access to all records she has or can access and engage the CPA to issue a report identifying all injured parties. Within ten days of the

---

[2] *In re Admin. Suspensions for Failure to Comply with Continuing Legal Educ. Requirements*, S.C. Sup. Ct. Order dated Apr. 20, 2017 (Shearouse Adv. Sh. No. 17).

issuance of the CPA's report, Respondent shall provide the Commission with a copy of the report and enter into a plan with the Commission to make restitution to any injured parties identified in the report. Further, Respondent shall reimburse the Lawyers' Fund for Client Protection for any payments it makes on claims by her clients and complete the Legal Ethics and Practice Program Trust Account School prior to reinstatement.

**DISBARRED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**